Harold and Joeanne
**ANTWINE, Plaintiffs,**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Defendant.**

**Civ. A. No. J88–0164(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 31, 1989.

Michael Farrell, Jackson, Miss., for plaintiffs.

Alan W. Perry, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiffs Harold and Joeanne Antwine filed this action in March 1988 against de-

fendant Prudential–Bache Securities, Inc. (Prudential–Bache) asserting claims arising out of or relating to certain securities transactions in their account with Prudential–Bache, including claims of alleged violations of state and federal securities laws and deceit and negligent misrepresentation. Because a joint account agreement executed by the parties provided for arbitration as the dispute resolution mechanism between the parties,[1] this court entered an agreed order on April 28, 1988 staying all proceedings in this cause pending completion of arbitration. Following an arbitration hearing, the American Arbitration Association (AAA) panel hearing the case entered its arbitration award on February 28, 1989, as follows: "All claims submitted by Mr. & Mrs. H.M. Antwine are denied." The plaintiffs, obviously dissatisfied with the panel's determination, sought "clarification" of the award including the arbitrators' basis for dismissing their claims under state and federal laws. Their request for clarification was denied.

The parties' agreement to arbitrate was clearly enforceable[2] yet the Antwines, following the arbitrators' denial of all of their claims, refused to enter into an agreed order dismissing this court action. Prudential–Bache therefore moved for summary judgment requesting that the complaint be dismissed with prejudice on the basis of the final award of the arbitration panel. In response to defendant's motion for summary judgment, plaintiffs filed a motion to vacate arbitration award alleging that the award is ineffective since the arbitrators failed to state how and/or why the Ant-

wines' statutory claims under both federal and state law were disposed of.

■ Plaintiffs acknowledge that judicial review of an arbitration award is extremely limited and that relief may be granted only where there is clear evidence of impropriety, as provided by statute, or a "manifest disregard of the law." *See* 9 U.S.C. § 9; *I/S Stavborg (O.H. Meling, Mgr) v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir.1974).[3] Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10 (1970), provides that an arbitration award may be vacated

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where the award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10.[4]

The Antwines do not claim any sort of fraud, partiality or misconduct by the arbitrators. Rather, they claim that the arbi-

---

1. The joint account agreement provides in relevant part as follows:

    This contract ... shall be binding on the undersigned.... Any controversy arising out of or relating to my account ... shall be settled by arbitration in accordance with the rules then obtaining of ... the American Aribtration Association....

2. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, —— U.S. ——, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); *Shearson/Lehman v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

3. It is provided at section 9 of the Federal Arbitration Act that "at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title [9 U.S.C. §§ 10, 11]." 9 U.S.C. § 9.

4. Modification or correction of an arbitration award is provided for by section 11

    (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

trators, by failing to explain the reasons for their disposition of plaintiffs' federal and state statutory claims, violated Securities Arbitration Rule 42 and thereby "exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The court concludes that this argument must fail.

 It has long been settled that arbitrators are not required to disclose or explain the reasons underlying their award. *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This is because a contrary rule would "undermine the very purpose of arbitration, which is to provide a relatively quick, efficient and informal means of private dispute settlement." *Sobel v. Hertz, Warner and Co.*, 469 F.2d 1211, 1214 (2d Cir.1972). Plaintiffs assert, though, that this principle is inapplicable as to their claim since their case was arbitrated under Rule 42 of the Securities Arbitration Rules which deviates significantly from the Commercial Arbitration Rules that have been in existence for at least thirty years. The long standing rule of the Commercial Arbitration Rules regarding form of award provides as follows:

FORM OF AWARD. The award shall be in writing and shall be signed by a majority of the arbitrators. It shall be executed in the manner required by law.

While identical in other respects, Securities Arbitration Rule 42 includes additional language that the award "shall include a statement regarding the disposition of any statutory claim." Plaintiffs argue, therefore, that Rule 42 requires a statement by the arbitrators or the reasoning in support of their award. The court, however, is not persuaded.

In *Ketchum v. Prudential–Bache Securities, Inc.*, 710 F.Supp. 300 (D.Kan. 1989), the court addressed the precise issue here presented where the parties, unsuccessful in arbitration, sought to vacate the award for alleged noncompliance by the

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

arbitrators with Rule 42. The award in *Ketchum* had provided that "all other claims of Lynn D. Ketchum against all other respondents ... are denied." In rejecting Ketchum's contention that the award should be set aside as it did not include "a statement regarding the disposition of any statutory claims," the court explained as follows:

[P]laintiff reads too much into this language. The rule does not mandate an explanation; it merely mandates a *statement* regarding the disposition of statutory claims. The arbitration award included such a statement ...

. . . . .

[E]ven if the arbitrators violated Rule 42, such a violation does not warrant vacation of the award: the rules do not have the force of law and a rule violation is not one of the enumerated statutory bases for vacating an arbitration award.... *Merit Insurance Co. v. Leatherby Insurance Co.*, 714 F.2d 673, 680–81 (7th Cir.), *cert. denied*, 464 U.S. 1009, 104 S.Ct. 529, 78 L.Ed.2d 711 (1983); *see also* 9 U.S.C. § 10.

*Ketchum*, 710 F.Supp. at 302–03. With these conclusions this court is in complete agreement. Rule 42 requires only a statement as to the *disposition* of the claims, not of the reasons that led to that conclusion. Because the plaintiffs have not attacked the integrity of the arbitration process itself and they have not otherwise challenged the completeness or finality of the award, this court is of the opinion that defendant's motion for summary judgment should be granted and this cause dismissed with prejudice and, it follows, plaintiffs' motion to vacate arbitration award should be denied.

A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
9 U.S.C. § 11.